Name  ANTOWJINE R. POWERS

Address  P.O. Box 5102, D-6-118

KERN VALLEY STATE PRISON

DELANO, Calif. 93216

CDC or ID Number  P# 66995

**MC-275**

FILED
FEB 27 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

ANTOWJINE R. POWERS,

Petitioner

vs.

ROBERT L. AYERS, JR., WARDEN

Respondent

**No.** CV 08 1150

(To be supplied by the Clerk of the Court)

WE

PR)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☒ Prison discipline

☐ Other (specify): _____

1. Your name: ANTaWINE R. PoWERS

2. Where are you incarcerated? KERN VAlley STATE PRISON

3. Why are you in custody? ☒ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

PossessiNG CocaiNE BASE foR SAle 11351.5

b. Penal or other code sections: 11351.5

c. Name and location of sentencing or committing court: CONTRA COSTA CoUNTy SUPERioR CouRT

d. Case number: DA NO 06-000543-9

e. Date convicted or committed: SEpTEMbER 29, 2006

f. Date sentenced: SEpTEMbER 29, 2006

g. Length of sentence: 4 yRS. WiTH HAlf-TiME

h. When do you expect to be released? MARcH 23, 2008

i. Were you represented by counsel in the trial court? ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

LESlIE CAldWEll  DPD-C.C.CoUNTy
3811 BisSEll AVE, RichMoNd, CA. 94805

4. What was the LAST plea you entered? (check one)

☐ Not guilty  ☐ Guilty  ☒ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6.  GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

( SEE Attached Sheet )

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

( SEE Attached Sheet )

b.  Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

( SEE Attached Sheet )

**PETITION FOR WRIT OF HABEAS CORPUS**

7. **Ground 2 or Ground** _____ *(if applicable):*

(SEE Attached sHEET)

a. Supporting facts: (SEE Attached sHEET)

b. Supporting cases, rules, or other authority: (SEE Attached sHEET)

**PETITION FOR WRIT OF HABEAS CORPUS**

8. Did you appeal from the conviction, sentence, or commitment?    ☒ Yes.  ☐ No. If yes, give the following information:

  a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
     EXHAUSTED ADMINISTRATIVE REMEDIES

  b. Result ___DENIED___                                    c. Date of decision: ___12-12-07___

  d. Case number or citation of opinion, if known: ___SQ-06-04053___

  e. Issues raised: (1) _____

     (2) _____

     (3) _____

  f. Were you represented by counsel on appeal?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

     _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☒ No. If yes, give the following information:

  a. Result _____    b. Date of decision: _____

  c. Case number or citation of opinion, if known: _____

  d. Issues raised: (1) _____

     (2) _____

     (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   _____

   _____

11. Administrative Review:

  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App 3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

     ___(SEE ATTACHED)___

     _____

     _____

     _____

     _____

     _____

     _____

     _____

  b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
     *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
    N/A

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____

▶

_____
(SIGNATURE OF PETITIONER)

**2. SUPPORTING FACTS:**

1. ON NOV. 3, 2006, PETITIONER WAS HOUSED AT SAN QUENTIN STATE PRISON, (S.Q.S.P.).

2. WHILE HOUSED AT S.Q.S.P. PETITIONER WAS HOUSED IN BADGER SECTION, 3-B-31L, DOWN STAIRS FROM PROTECTED CUSTODY INMATES (P.C.), WHERE HE AND I/M JOINER, V-15744, RECEIVED A CDCR, RULES VIOLATION REPORT (RVR) 115, FOR AN INCIDENT THAT OCCURED ON OCT. 31, 2006, ALLEDGING THAT A OFFICER (TENNELL) WAS THREATEN. THE RVR STATED THE SPECIFIC ACT: THREATENING TO COMMIT MURDER OF A PEACE OFFICER; LOG #: 06-4B-11-028.

3. THE RVR PETITIONER RECEIVED WAS BASED ON CONFIDENTIAL MEMORANDUM AUTHORED BY CORRECTIONAL SERGEANT J. THOMPSON, DATED THURSDAY, NOVEMBER 3, 2006.

4. ON DEC. 3, 2006, PETITIONER APPEARED BEFORE THE SENIOR HEARING OFFICER (SHO), CORRECTIONAL LIEUTENANT D. FOOTMAN WHO FOUND THE PETITIONER GUILTY OF THE CHARGES, BASED SOLELY ON THE TESTIMONY OF 'ONE' CONFIDENTIAL INFORMANT.

5. PETITIONER WAS FOUND GUILTY OF THE DIVISION A-2(B) OFFENSE CONSPIRACY TO COMMIT THE DIVISION A-1(1) OFFENSE: MURDER, AND WAS ASSESSED 180 DAYS CREDIT FOR THIS DIV. A-2(B) OFFENSE.

6. THE RVR 115 ALLEGES THAT PETITIONER AND I/M JOINER, DURNING A CONVERSATION ON DEC. 31, 2006, OVER THE TIER, THAT I/M JOINER AND POWERS COMMENTED ON "HOW EASY IT WOULD BE TO WRAP A SHEET AROUND OFFICER TENNELL'S

NECK AN 'BUNGEE JUMP' HIM OFF THE TIER".

7.    DURING THE RJR IIS HEARING, PETITIONER REQUESTED THAT THE INVESTIGATIVE EMPLOYEE REPORT (I.E.) BE CONSIDERED BY THE SHO DUE TO THE IE INTERVIEWED C/O (TENNELL) INREGARDS TO THE ALLEGE THREAT. C/O TENNELL, ADMITTED TO NOT HAVING KNOWLEDGE OF THE CONVERSATION, BETWEEN POWERS AND JOINER. HE WAS NOT AWARE OF THE INCIDENT HIMSELF, AND HE QUESTIONED PETITIONER AND JOINER ON DEC. 31, 2006. (SEE RJR AND IE).

8.    ALSO DURING THE RJR IIS HEARING, THE SHO DID NOT CONSIDER THE INTERVIEW BY I.E. WITH IM JOINER, WHO CONFESSED THAT HE MADE A STATEMENT DIRECTED TOWARD A P.C. INMATE WHOM WAS UPSTAIRS, ON THE TIER ABOVE HIM. (SEE I.E. REPORT.).

9.    ON DEC. 26, 2006, PETITIONER FILED A INMATE/PAROLEE APPEAL FORM 602, REQUESTING THAT THE DISPOSITION BE VACATED; THE RJR BE DISMISSED; AND HIS CREDIT BE RESTORED (180 DAYS). PETITIONER PURSUED THE APPEAL TO THE DIRECTOR'S LEVEL, WHICH IS THE FINAL REVIEWER.

10.    PARAGRAPHS 1-9 WERE APPLICABLE, APPROPRIATE AND RELEVANT TO ESTABLISH THE ISSUE'S THAT ARE IN CONTROVESY, AN PEITITIONER REQUEST THAT THESE ISSUE'S REVIEWED AND CONSIDERATION AT DUE PROCESS HEARING.

11.    PETITIONER BELIEVES THAT THE SHO UNDERMINED CRUCIAL INFORMATION AT THE HEARING, THAT WAS IN FAVORABLE OF THE PETITIONER, AND COULD HAVE PRODUCED A OUTCOME/DECISION THAT WOULD HAVE DISMISSED THE CHARGES IN FAVORABLE OF PETITIONER.

B. Grounds for Relief

## First Claim for Relief

Petitioner has a right to due process and equal protection of the law before and/or during disciplinary hearings, based on the U.S. Constitution fourteenth amendment, article I φ 7(a).

## Second Claim for Relief

Defendants not in compliance with the Department of Corrections Administrative Bulletin, Number: 92/15, date issued: May 18, 1992. Subject: Use of Confidential Information in Disciplinary Hearings.

## Third Claim for Relief

Under Madrid ruling, the Senior Hearing Officer was required to find a factual basis for his/her findings.

3

b. Supporting Cases, Rules and Authority:

Petitioner believes and allege that he was singled-out and targeted by prison Administration and its officials to intentionally and deliberately vidate petitioner Due Process and Equal Protection of the law of the U.S. Constitutional Fourteeth Amendment, Article 14 7(a).

In addition to purely procedural protections, due process also requires prison officials to have an evidentiary basis for their decisions to confine an inmate to a Security Housing Unit, (SHU) whether the purpose of that segregation is disciplinary or administrative, Superintendant v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774 (1985).

Pursuant to Penal Code § 2932 (c)(1), Title 15, CCR. 3339. Release from Administrative Segregation and Retention In Administrative Segregation. (b)(1)(2)(3)(4) : 3338. Hearing On Segregated Housing Order. (d)(e)(F)(H) : And 3382. Incident Reports. (a)(b) : Petitioner is entitled to be informed of the exact date, time and location of any and all activity attributed to him by the confidential informant as it relate to the incident of Oct. 31, 2006. Weight v. Enomoto, (1976) 462 F. Supp. 397.

Since the confidential informant claims to have "first hand knowledge" of petitioner specific involvements or participation in the incident, petitioner is entitled to be informed if there is any verifiable overt acts that were committed by petitioner, that directly connects him to the activities described in the CDCR 1030 Disclosure form dated November 3, 2006, by establishing date, time, place, names of others involved, details of events, victim

4

NAME, ETC... _CATO v. RUSHEN_, (824 F. 2d 704, [9TH CIR. 1987]):
_MADRID v. GOMEZ_, (N.D. CAL. 1995) 889 F.Supp. 1146: _TOUSSAINT v._
_McCARTHY_, (9TH CIR. 926 F. 2d 800. _INRE JACKSON_ ([1987] 43 CAL.
3d 501, 233 CAL. RPTR. 911).

THE SUPREME COURT IN _Wolff v. McDonnell_, 418 U.S. AT 570
ESTABLISHED THAT PRISONERS ARE ENTITLED TO COUNSEL-SUBSTITUTE WHEN
A PARTICULARIZED, WHERE AN INMATE IS ILLERATE OR WHERE THE COMPLEXITY
OF THE ISSUE MAKES IT UNLIKELY THAT THE INMATE WILL BE ABLE TO
COLLECT AND PRESENT THE EVIDENCE NECESSARY FOR AN ADEQUATE
COMPREHENSION OF THE CASE.

THE CDCR IS PROHIBITED FROM BASING A DECISION IN A
DISCIPLINARY HEARING ON INFORMATION FROM AN UNDISCLOSED SOURCE
UNLESS, 1) "OTHER DOCUMENTATION CORROBORATES [SUPPORTS OR
CONFIRMS] INFORMATION FROM THE SOURCE," OR 2) "THE
CIRCUMSTANCES SURROUNDING THE EVENT _AND_ THE DOCUMENTED
RELIABILITY OF THE SOURCE SATISFIES THE DECISION MAKER THAT THE
INFORMATION IS TRUE." (TITLE 15 CCR § 3321 (b)(1), EMPHASIS ADDED.)

_MADRID v. GOMEZ_, 889 F.Supp. 1146. 1193 (N.D. CAL. (1995)
(CHIEF JUDGE FOUND THAT CALIFORNIA PRISON SUPERVISORS ROUTINELY
"TWISTED STRAINED OR IGNORED [EVIDENCE] TO REACH THE DESIRED
RESULT").

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

A.R. POWERS
_____
Plaintiff or Petitioner

v.                                              Case Number:

R.L. AYERS, JR.
_____
Defendant or Respondent

**PROOF OF SERVICE**

_____/

I hereby certify that on _____, **2008**, I served a copy of the

attached    PETITION for WRIT of HABEAS CORPUS                                        ,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

envelope in the United States Mail at   KERN VALLEY STATE PRISON            .:

**(List Name and Address of Each**
**Defendant or Attorney Served)**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
U.S. COURTHOUSE
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. 92101-8900

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Name of Person Completing Service)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **DEC 1 2** 2007

In re:    Antwain Powers, P66995
Kern Valley State Prison
P.O. Box 6000
Delano, CA  93216

IAB Case No.: 0702870          Local Log No.: SQ-06-04053

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto.  All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #06-4B-11-028, dated November 3, 2006, for Threatening to Commit Murder of a Peace Officer. The appellant contends that the confidential information relied upon is erroneous. He claims that the evidence does not support the charge. It is the appellant's position that he is not guilty of the RVR as charged. He requests dismissal of the RVR.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant was afforded due process, including a fair and unbiased hearing by an impartial Senior Hearing Officer (SHO).  On October 31, 2006, the appellant threatened to kill the housing unit officer by wrapping a sheet around his neck and jumping over the tier.  The appellant was assigned an Investigative Employee (IE) to assist him in the gathering of evidence. The IE performed the duties appropriately as assigned.  The SHO utilized the IE report during the hearing to render a decision. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. The appellant requested that a witness be present at the hearing. The SHO stipulated the information that appellant indicated that the witness would provide. He agreed as to the content of stipulated information.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. The decision was based partially upon confidential information. The appellant was provided a CDC Form 1030, Confidential Information Disclosure Form, disclosing as much information as possible, without identifying the source. The CDC 1030, identifying the appellant as being involved in the misbehavior was appropriately documented. The information from confidential sources included an evaluation of the source's reliability, a brief statement of the reason for the conclusion reached, and a statement of reason why the information or source was not disclosed. The confidential documents were reviewed, signed, and dated by managerial staff to indicate approval of the confidential designation and placement in the confidential section of the appellant's central file. The documented reliability of the source satisfied the decision-maker that the information is true. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3315, 3318, 3320, 3323

**C.  ORDER:** No changes or modifications are required by the Institution.

ANTWAIN POWERS, P66995
CASE NO. 0702870
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, KVSP
       Appeals Coordinator, KVSP
       Appeals Coordinator, SQ

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. SQSP
2. _____

Log No.
1. 06-4053
2. _____

Category
1

You may appeal any policy, action or decision which has a significant adverse affect upon y
committee actions, and classification and staff representative decisions, you must first inform
member, who will sign your form and state what action was taken. If you are not then s
documents and not more than one additional page of comments to the Appeals Coordinator wit
for using the appeals procedure responsibly.

With the exception of Serious CDC 115s, classification
seek relief through discussion with the appropriate staff
ed, you may send your appeal with all the supporting
Jo reprisals will be taken

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Powers | P-66795 | | 4C L |

**A. Describe Problem:** On 11-03-06 Appellant was charged with threatening to commit assault/batter on a peace officer see Attached CDC 115, On 12-03-06 Appellant appeared before Shq Lt. footman who found Appellant Guilty of Charged R.V.R (log #06-4BH#028 based soley on the testmony of 1 confidential Informant The Informantion

If you need more space, attach one additional sheet.

**B. Action Requested:** Per CCR 3084.5 (H)(1)(a)(b) C, D Apellant request that the disposition be vacated, The R.V.R be Dismissed, and credit please be restone it would gladly appreciated
Respectfully

Inmate/Parolee Signature: Antowurine Power        DEC 2 9 REC'D        Date Submitted: 12-26-06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: ~~Bypass~~

Staff Signature: _____        Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and
submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~Bypass~~

Signature: _____        Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

Bypass

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Bypass

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other    DEC 2 9 2006    Due Date: FEB 14 2007

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____
☐ See Attached Letter

Signature: _____    Date Completed: 2/15/07
Warden/Superintendent Signature: _____    AUG 2 9 RCD    Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

first of Lt footman lied about me amitting to have said fuck you trick to c/o tannell and the person who colmitted to euerything's gone home and I'm doing a shoe program and third 180 day took and I never had anything to do with this situation I feel this should be dropped and my credit be restored

Signature: AnTawnine Powers    Date Submitted: 2-27-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0702870

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter
Date: DEC 1 2 2007

CDC 602 (12/87)

Evidence, relied on by the Senior Hearing Officer was to sufficient to sustain
a finding of guilt."

CCR 3320(L) provides "The Guilt finding shall be based upon a preponder-
ance of evidence submitted at the hearing.

In the Instant matter there is No Evidence Appellant provides the following
Defense

#1. Inmate Joiner (#V15744) statement to Appellants Investigative employee
He said

C/O Tennell ask if I (Joiner) was refering to him I said Hell No I was
talking to A P.C. upstairs powers had nothing to do with this see Attached
I.E Report 1 of 1

#2. The Hearing Officer states the I.E Report of 11-15-06 she found to not
contains any evidence of a finding of not Guilty this is a false statement
A. Inmate Joiner (#V157y4) Stated He was the person who made the comment
adout the sheet around the neck but was talking to a P.C and that powers
Had nothing to do with it."

B. C/O Tennell Stated in his Dated 11-03-06 He asked Inmate powers what He said He
Said that He didn't say anything."

C. The Hearing Officer in Hearing report states that powers stated He did call
C/O Tennell a trick this is a (false) Statement as I have maintained my
Innocence During this entire disciplinary process.

In the Hearing Officer Hearing Report she states "The confidential Informant was
Reliable becaus the Information was corroborated by Investigation or Non-
Confidential Source

This is clearly an Erroneous finding and A mislateep lation / Incorrect
Application of the ccr policy's Governing Confidential Information.
To mean #1. The SHO fails to Demonstrate on the Record How the Information
the Informant provided Has been corroborated.

#2. She failed to State on the Record what portion of the confidential Inform-
ation Has already proven true.?

Infact Nothing the Informant Said Has been proven. There was No Documentary
evidence to corroborate the confidential Statements Nothing in the CDC-837
Incident Reports. I.E Reports Supplemental Reports Etc. Corraborates His
(Informant's) confidential disclosures.

No where in the CDC 1030 form doe's the Informant Stale's He over Heard me
say fuck you trick

The Informant State's He over Heard Inmates Joiner and me powers talking about
on C/O Tennell and bungee Jumping Him off the Tier.

The Informant is the Only person who claims to Hear this Alleged Conversation
No one else

← over →

The 115 CCP Sec 3323 (B)(1) states states clearly solicitation of murder shall be proven by the testimony of Two witnesses an one witness in Corroborated Circumstances

In the Instant matter, The Hearing Officer failed to Demonstrate that Two witnesses observed The Incident she further failed to Demonstrate The existence of corroborating circumstances.

Per CCP 3684.5(h)(1)(A),(B),(C),(D) Appellant Request the disposition be vacated, The RVR Dismissed, credit restored

Respectfully
Powers P-66995

5C11

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

06-4B-11-028

| CDC NUMBER | INMATES NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-66995 | POWERS | R/C | CSP-SQ | 3-B-31L | |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR - 3005C | THREATENING TO COMMIT MURDER OF A PEACE OFFICER | BADGER SEC. | 11/03/06 | |

CIRCUMSTANCES:

On Monday, October 31, 2006, while assigned to and working position #240723, Badger Section Floor Officer, Correctional Officer S. Tennell was conducting the lock up of inmates assigned to the third tier of Badger Section following the completion of the morning meal. As Officer Tennell was securing the tier and passed by cell 3-B-31, inmate Powers, P-66995 assigned to 3-B-31L asked him why the black inmates housed in Badger Section were still on modified program. Officer Tennell informed inmate Powers that the matter was being reviewed by the Administration and a decision is forth coming. As Officer Tennell walked away from cell 3-B-31, he head what sounded like, "Fuck you trick." Officer Tennell returned to cell 3-B-31 and inquired of what inmate Powers had said. Inmate Powers stated that he had said nothing. Officer Tennell walked away from the cell and continued to conduct his lock up of the housing unit.

On November 3, 2006, Confidential information received indicates that after Officer Tennell left the area of cell 3-B-31 on October 31, 2006, inmate Powers then began a conversation with inmate Joiner, V-15744 housed in 3-B-33. During the course of the conversation, inmates Powers and Joiner commented on "How it would be easy to wrap a sheet around Officer Tennell's neck and 'Bungee Jump him off the tier," effectively hanging Officer Tennell and breaking his neck (Refer to Confidential Memorandum authored by Correctional Sergeant J. Thompson, dated Thursday, November 3, 2006). Inmate Powers is aware of this report.

Inmate Powers is / is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Type Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ➢ **N. TAYLOR**, Correctional Lieutenant | 11/9/2006 | | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ➢ **S. HENRY**, Correctional Captain | 11/13/06 | 11-3-06 | D-SEC |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Type Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A-2 | 11-14-06 | ➢ J. LAWSON, Correctional Captain | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN TO INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ➢ | 11-15-06 | 1100 | CDCR 1030 RE: CONF. MEMO BY SGT. J. THOMPSON DATED 11-3-06 |

| ☒ INCIDENT REPORT LOG NUMBER: 004-06-11-0536 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: STAFF'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|---|---|
| | ➢ | 11-15-06 | 1100 | ➢ | 11-15-06 | 1100 |

HEARING

SEE CDCR 115 PART C HEARING CONTINUATION

| REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY ➢ N. COTTMAN, LIEUTENANT | | SIGNATURE ➢ | | DATE 12/3/06  TIME 1100 |
| REVIEWED BY ➢ S. HENRY, FACILITY CAPT. | DATE 12/5/06 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ➢ S. PERRAKIS, UNIT IV A.W. | | DATE |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ➢ | | | DATE 12-14-06  TIME 1100 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

06 13 11 078

| CDC NUMBER | INMATE'S NAME | | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO |
|---|---|---|---|---|---|---|
| P-66995 | POWERS | | CCR - 3005C | 11/03/06 | CSP-SQ | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATES SIGNATURE | | DATE |
|---|---|---|---|---|
| ☒ **I DO NOT REQUEST** my hearing be postponed pending Outcome of referral for prosecution. | | ➤ | | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution | | INMATE'S SIGNATURE ➤ | | DATE |

| DATE NOTCIE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ➤ | |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATES SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | | ➤ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATES SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | | ➤ | |
| ☒ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUEST BY INMATE:

WITNESS  INTERVIEW S

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPOLOYEE    ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | | ☐ | | | ☐ |

IVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged. The reporting employee and others who have significant information, documenting the testimony ( ach person interviewed. Review of files, profiles. Procedures and other documents may also be necessary.

SEE CDC. 115 PART C I.E REPORT

| | | INVESTIGATORS SIGNATURE | DATE |
|---|---|---|---|
| | | ➤ | 11 27 |
| ☒ COPY OF CDC 11-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ➤ | TIME 1100 | DATE 11-15-06 |

CDC 115-A (7/88)

88 8609

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P66995 | Powers | | CSP-S.Q. | 11/15/06 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER_____

On 11/15/06, I interviewed Inmate Powers, P66995, and informed him that I had been assigned as the Investigative Employee (IE) for the CDCR-RVR-115 he received on 11/03/06 for **Threatening to commit murder of a Peace Officer.** He had no objection to me being assigned as his IE.

Inmate Powers was explained the CDCR-RVR-115 Hearing process and the duties of the Investigative Employee. Asked if he understood, Inmate Powers stated, "yes."

Inmate Powers had questions which pertained to the assignment of an IE and they were answered in his satisfaction.

Inmate Powers was interviewed on 11/15/06, concerning the incident that occurred on 11/03/06, and stated said that. At the time the comment was made, "He was talking with the P.C.'s upstairs. He came back to it and asked him if that comment was directed at me (Ternell), he said, 'no'. I do not know confidential informant when the Officer heard it himself."

Inmate Powers requested that Inmate Joiner, the other inmate charged in this incident, be the 115 that he received on 11/03/06.

Inmate Joiner, V15744, was interviewed on 11/15/06, and stated, "I was on the wire arguing with tier. I told the dude, 'go ahead and do us all a favor and tie a sheet around your neck and jump off the 5th tier. C/O Ternell happened to be walking by at the time and heard it. He stopped and asked me if I was referring to him. I said, 'hell no, I was talking to a P.C. upstairs.' He turned around and walked away. Powers had nothing to do with this."

Inmate Powers requested that Inmate Joiner's cellmate, Inmate Jackson, T59846, at the time of the incident be interviewed.

I interviewed Inmate Jackson concerning the incident that occurred on 11/03/06, and he stated, "I was not around. I was at a Morrisey hearing."

Inmate Powers requested that the inmates in cell 3E30 at the time of the incident be interviewed and asked if they heard what happened?

On 11/15/06, Inmate Tagcai, V20801, the only inmate remaining in 3E30 from 10/31/06, was interviewed concerning the incident on 11/03/06, and stated, "that he did not hear anything. He was sleeping all day."

Inmate Powers did requested that Correctional Officer Ternell be present during the CDCR-115-RVR hearing.

| SIGNATURE OF WRITER<br>R. Petersen, Correctional Officer | DATE SIGNED<br>11-22-06 |
|---|---|

| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staffs Signature) | DATE SIGNED<br>11-22-06 | TIME SIGNED<br>1600 |
|---|---|---|---|

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA
·RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE   1   OF   2

| CDC NUMBER P66995 | INMATE'S NAME POWERS | LOG NUMBER 06-4B-11-028 | INSTITUTION SQSP | TODAY'S DATE 12-03-06 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☑ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing:** The hearing was convened on 12-03-06, at approximately 11:59 when I introduced myself to POWERS as the Senior Hearing Officer for this disciplinary. POWERS stated he was in good health with normal vision and hearing. POWERS acknowledged that he received a copy of the following document more than 24 hours in advance of the hearing: CDC-115. This report as well as the disciplinary charge of THREATENING TO COMMIT MURDER OF A PEACE OFFICER were reviewed with POWERS in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** POWERS was advised in the hearing that this has been referred for possible prosecution and he can postpone his hearing pending resolution of prosecution. He was informed that any statements he makes in this hearing could be used against him in a court of law. POWERS stated that he understood and he wanted to continue the hearing.

**Due Process:** The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**MHSDS:** POWERS is not a participant of the mental Health services Delivery System

**Effective Communication:** POWERS was able to fully understand the SHO throughout the proceedings. The inmate did not indicate he had any misunderstandings. POWERS stated he understood the proceedings and was ready to proceed with the hearing.

**Staff Assistant:** Per CCR-3315(d)(2) a Staff Assistant was not assigned as POWERS agrees that he speaks English, is literate (that is, reads at 4.0 or above), the issues are not complex and a confidential relationship is not required. In the hearing, POWERS confirmed that assignment of a Staff Assistant was not necessary.

**Investigative Employee:** Investigative Employee was assigned due to the inmate's housing (ASU). IE was reviewed in hearing. POWERS acknowledges receiving and reviewing the completed IE report more than 24 hours in advance of the hearing. In the hearing, POWERS stated that he is satisfied with the completed report.

**Request for Witnesses:** Per the IE POWERS requested Officer Tennell as a witness to give the following anticipated testimony: That (POWERS) was having words with other inmates that were housed in the Special Program. When he (Tennell) returned to the cell it was because he had heard "fuck you trick" but did not hear any statement in regards to 'wrapping a sheet around his neck and bungee jump him off the tier. When he (Tennell) confronted POWERS it was to question him about the statement 'Fuck you trick'. As the requested witness was not available to the hearing and I accepted that the witness would provide the given testimony if present in the hearing, I advised POWERS that I would stipulate that the requested witness would have provided the requested testimony if present in the hearing and POWERS was satisfied with this response.

**Video and photo evidence:** Videotape and photo evidence were not an issue for this hearing.

**Plea:** the testimony was read and the inmate entered a plea of: NOT GUILTY

**Hearing testimony:** POWERS gave the following testimony as his defense: "I'm not guilty. I did call C/O Tennell a trick."

**Finding:** Guilty of the Division A-2 (8) offense CONSPIRACY TO COMMIT THE DIVISION A-1 (1) OFFENSE: MURDER. *Murder* is deliberately killing another person. A conspiracy exists whenever two or more persons agree to commit an illegal act and take some step (that is, commit an overt act) towards making it happen. Proving conspiracy does not

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED |
|---|---|---|---|---|
| D. FOOTMAN | | Correctional Lieutenant | | 12-03-06 |
| COPY OF CDC-115 C GIVEN TO INMATE  (GIVEN BY: (STAFF'S SIGNATURE) | | | DATE SIGNED: | TIME SIGNED: |
| 12-14-06 | | | | 1/6= |

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                   PAGE    2    OF    2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P66995 | POWERS | 06-4B-11-028 | SQSP | 12-03-06 |

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☑ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

require explicit proof that the parties met and agreed to a plan or that a detailed plan for the execution of the conspiracy was prepared and followed. Circumstantial evidence that each of the parties was moving towards an illegal goal with common intent, purpose or design is sufficient. This can be proven with three elements: first, prior association with other members of the conspiracy (for example, association with a gang or disruptive group promoting the conspiracy); second, in combination with the first element, evidence of participation or interest in promoting the conspiracy, and, third, evidence that the inmate understood and accepted murder as his intent. Regarding the first element, gang validation is not required as proof of prior association. There must be sufficient reason to believe that the inmate promotes and supports the interest of the group involved in the conspiracy. This might be shown by his disciplinary history, confidential information and staff accounts confirming the commitment of the inmate to this group. In regards to the second element, participation or interest in promoting the conspiracy is any action that consciously promotes part or all of the common purpose or design. For the third element, testimony that he was informed of the intent to commit murder in advance might be sufficient. Circumstantial evidence can be used. If any reasonable person would understand that his actions were promoting either killing or the attempted killing of another, this circumstantial evidence could be sufficient evidence of intent. This finding is based upon the following preponderance of evidence:

A.  The testimony of Correctional Lieutenant N. Taylor in the disciplinary report of 11-03-06 wherein Taylor states in part, On November 03, 2006, confidential information was received indicates that Officer Tennell left the area of cell 3-B-31 on October 31, 2006, inmate POWERS began a conversation with inmate JOINER, V15744, housed in 3-B-33. During the course of the conversation inmates JOINER and POWERS commented on "How easy it would be to wrap a sheet around Officer Tennell's neck and 'Bungee jump" him off the tier." Effectively hanging Officer Tennell and breaking his neck.

B.  The memorandum of 11-03-2006 is confidential per CCR 3321 (a)(1) & (2) as divulging this information would endanger the safety of persons and jeopardize the security of the institution.

C.  Per CCR 3321(b)(3)(B), information disclosed to an inmate in a non-confidential document must not include any information that can be interpreted as disclosing the identity of the informant. Some of the reasons given for finding an informant as reliable might or might not imply the identity of an informant or informants. This means all of the reasons for finding this informant or informants reliable may not be fully disclosed in a non-confidential document such as this hearing summary. Auditors should review the confidential memorandum or memoranda in case additional reasons for finding the informant or informants reliable could not be disclosed in this document.

D.  Per CCR 3321(b)(1), confidential information can be accepted as the basis for a finding only under two conditions: either the confidential information is corroborated by additional documentation; or, the circumstances surrounding the event combined with the documented reliability of the informant satisfy the decision maker that the information is true.

E.  Per CCR 3321(c)(4), an informant is considered reliable because part of the information provided is corroborated through investigation or by information provided by non-confidential sources. It is my conclusion that the informant or informants in the memorandum or memoranda of 11-03-06 meet this criterion. Specifically, the informant has provided this information that was corroborated by investigation or by non-confidential sources.

F.  IE report of 11-15-06 was read and considered, but found not to contain any evidence to support a finding of no guilt.

**Disposition:** Assessed **180** days credit forfeiture for this Div. A-2(8) offense. Per CCR 3327 (a)(1), credit restoration is not available for this offense. Appeal rights were explained. POWERS was referred to CCR §3084.1 for additional information on appeal procedures.

**Additional Penalties: None**

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| D. FOOTMAN | | Correctional Lieutenant | | 12-03-06 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | | TIME SIGNED: |
| 12-14-06 | | | | | 1/0— |

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    P66995

INMATE NAME:    **POWERS**

1) Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a) CDC-115, Disciplinary Report dated _____ submitted by

    _____
                       STAFF NAME, TITLE

    b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated  **November 3, 2006** .

2) Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a) ☐ This source has previously provided confidential information which has proven to be true.

    b) ☐ This source participated in and successfully completed a Polygraph examination.

    c) ☐ More than one source independently provided the same information.

    d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e) ☒ Part of the information provided by the source(s) has already proven to be true.

    f) ☐ Other (Explain) _____

    _____ .

3) Disclosure of information received.

    The information received indicated the following:  On October 31, 2006, Inmate's Joiner and Powers were
overheard talking about tying a sheet around Correctional Officer Tennell's neck and bungee jumping off the tier,
indicating that they would hang Officer Tennell.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

folder ). Confidential  Memorandum authored by Correctional Sergeant J. D. Thompson, dated November 3, 2006;
located in the Confidential Section of Inmate Powers' Central File._____

_____    _11/7/06_
        STAFF SIGNATURE, TITLE                  DATE DISCLOSED

DISTRIBUTION: WHITE ∝ Central File;  GREEN ⊔ Inmate;  YELLOW ⊔ Institution Use

State of California

Department of Corrections

# Memorandum

Date:    February 13, 2007

To:    Powers, P-66995
       California State Prison, San Quentin

Subject:  SECOND LEVEL APPEAL RESPONSE
          LOG NO.: SQ 06-04053

ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #06-4B-11-028, dated Monday October 31, for Threatening to Commit Murder of a Peace Officer. Appellant contends on November 3, 2006, he was charged with threatening to commit assault/batter on a Peace Officer. The appellant contends he appeared before the Senior Hearing Officer (SHO), Correctional Lieutenant Footman who found the appellant guilty of the aforementioned, based solely on the testimony of 1 confidential informant and the information relied on by the SHO was insufficient to sustain the finding of guilt.

Appellant requests the RVR be vacated, dismissed and credit be restored.

INTERVIEWED BY: J. M. Pickett, Correctional Lieutenant

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3005. Conduct.**

**CCR 3315. Serious Rule Violations.**

**CCR 3320. Hearing Procedures and Time Limitations.**

**CCR 3323. Disciplinary Credit Forfeiture Schedule.**

In review of the appellant's appeal issues and a thorough review of the CDC 115 and all supporting documents as well as a conducted interview, it is noted the appellant's contentions have been addressed. On Tuesday, February 13, 2007, J. M. Pickett, Correctional Lieutenant, conducted a personal interview with the appellant in Carson Section. At that time the appellant had an opportunity to ask questions about the CDC 115 and a review of the appellant's due process elements with this reviewer. At that interview, Lt. Pickett, advised the appellant his due process issues have been appropriately addressed.

The CDC 115 was issued on November 3, 2006; the appellant received his copy of the CDC 115 on November 15, 2006.

CDC 115 was heard within 30 days of receipt on December 3, 2006.

The appellant received a copy of the CDC 115 and all pertinent documentation at least twenty- four (24) hours prior to the conducted hearing. The appellant stated he was ready to proceed.

The appellant received copies of the CDC 1030's used in the findings of the CDC 115 at least twenty- four (24) hours prior to the conducted hearing.

Confidential sources verified the appellant's participation in Threatening to Commit Murder of a Peace Officer. The Confidential sources were found reliable per Title 15, section 3321.

An Investigative Employee (IE) was assigned as the appellant's housing status changed. The IE interviewed the inmate regarding questions to be asked of inmates and/or staff.

Requested Witnesses were unavailable, however the SHO entered stipulated testimony on the behalf of the witness and the appellant stated that he was satisfied with the response.

A Staff Assistant was not required as the appellant speaks English fluently, is literate (appellant reads at a 4.0 or above), the issues are not complex and a confidential relationship was not required.

The appellant was not a participant in the Mental Health Delivery Services Program at the time of the misconduct. A CDC 115 X was not submitted to the Mental Health Department, as the exhibited behavior in the CDC 115 was not bizarre, uncharacteristic or unusual.

Requests for a Mental Health Assessment are required for all EOP inmates and those CCCMS and non Mental Health inmates for whom the behavior associated with the RVR was bizarre, unusual and/ or uncharacteristic.

It appears all due process elements were met.

The Senior Hearing Officer found the appellant guilty based on the following information:

The Reporting Officer's written report support the charges. Correctional Lieutenant N. Taylor testifies, On Monday, October 31, 2006, while assigned to and working position #240723, Badger Section Floor Officer, Correctional Officer S. Tennell was conducting the lock up of inmate assigned to the third tier of Badger Section following the completion of the morning meal. As Officer Tennell was securing the tier and passed by cell 3-B-31, inmate Powers, P-66995 assigned to 3-B-31L asked him why the black inmates housed in Badger Section were still on modified program. Officer Tennell informed inmate Powers that the matter was being reviewed by the Administration and a decision is forth coming. As Officer Tennell walked away from cell 3-B-31, he heard what sounded like, "Fuck you trick." Officer Tennell returned to cell 3-B-31 and inquired of what inmate Powers had said. Inmate Powers stated that he had said nothing. Officer Tennell walked from the cell and continued to conduct his lock up of the housing unit.

POWERS, P-66995
CASE NO. 06-04053
PAGE 3

On November 3, 2006, confidential information received indicates that after Officer Tennell left the area of cell 3-B-31 on October 31, 2006, inmate Powers then began a conversation with inmate Joiner, V-15744 housed in 3-B-33. During the course of the conversation, inmates Powers and Joiner commented on "How it would be easy to wrap a sheet around Officer Tennell's neck and bungee jump him off the tier," effectively hanging Officer Tennell and breaking his neck (refer to Confidential Memorandum authored by Correctional Sergeant J. Thompson, dated Thursday, November 3, 2006).

The reviewer notes that it is apparent there was a conversation that took place in which the subject of the conversation was a disrespectful comment made by the appellant and directed towards Officer Tennell. In which the appellant actively admitted to making the statement; this further supports the confidential information that was received.

Based on the submitted documentation from the appellant, the Investigative Employee and the Senior Hearing Officer, as well as the conducted interview, and a thorough review of the RVR and the supporting documents by this reviewer, the findings are the appellant's issues have been appropriately addressed and duly responded to. This reviewer finding is the appellant's contentions are unsubstantiated and therefore are without merit.

DECISION: The appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Robert L. Ayers, Jr., Warden
California/State Prison, San Quentin

| DISTRIBUTION: | | |
|---|---|---|
| WHITE | CENTRAL FILE | CANARY | WARDEN |
| BLUE | INMATE (2ND COPY) | PINK HEALTH CARE MGR |
| GREEN | ASU | GOLDENROD INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| POWERS | P-66995 |

## REASON(S) FOR PLACEMENT (PART A)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY   ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON (S) FOR PLACEMENT:

On Friday, November 03, 2006, you are being placed on Administrative Segregation status due to your threatening to assault/batter Correctional Officer S. Tennell. Because of this, your presence in the San Quentin Reception Center jeopardized the safety of staff, other inmates and is deemed a threat to the safety and security of the institution. You will remain on Administrative Segregation status pending your appearance in front of the Institutional Classification Committee (I.C.C.) who will determine your appropriate housing and / or program needs. Correctional Lieutenant N. Taylor is ordering this Administrative Segregation Placement. Inmate POWERS is / is not a participant in the Mental Health Services Delivery System.

| ☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | | ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | / / |
|---|---|---|---|
| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
| 11/3/2006 | N. Taylor | | LIEUTENANT |
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
| 11/3/2006 | 1915 | V. BIRKEN | | SGT |
| ☒ INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER P66995 |

## ADMINISTRATIVE REVIEW (PART B)

The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEES NAME | TITLE |
| N/A | | N/A | |

IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | ☒ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☒ YES ☐ NO |
| FLUENT IN ENGLISH? | ☒ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☒ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☒ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☒ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☒ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES ☐ NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES ☐ NO | | |

Any "NO" requires SA assignment                    Any "NO" may require IE assignment

☒ NOT ASSIGNED          ☒ NOT ASSIGNED

## INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   ☒ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ NO WITNESSES REQUESTED BY INMATE | | 11/6/06 |

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| N/A | | N/A | |
| N/A | | N/A | |

| DECISION: | ☐ RELEASE TO UNIT/FACILITY _____ | ☒ RETAIN PENDING ICC REVIEW | ☐ DOUBLE CELL | ☐ SINGLE CELL PENDING ICC |
|---|---|---|---|---|

REASON FOR DECISION:

Retain in Asu pre review by ICC / discip. process

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| C. Henry | Cap | 11/6/06 | 0840 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

STATE OF CALIFORNIA  
**CRIME / INCIDENT REPORT**  
**PART A - COVER SHEET**  
CDCR 837-A (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | | PAGE 1 OF __4__ | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|
| | | | SQP-004-06-11-0532 | 11/03/06 | 1230 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION |
|---|---|---|---|---|
| CSP-SQ | RC | ☐ I ☒ II ☐ III ☐ IV | BADGER | 3RD TIER |

☐ ASU  ☐ SHU ☐ PSU  SEG YARD  USE OF FORCE  
☐ SNY  ☐ PHU ☐ CTC ☐ CC ☐ WA  ☐ YES  ☒ NO  
☐ GP  ☒ RC  ☐ RM

| SPECIFIC CRIME / INCIDENT | ☒ CCR ☐ PC ☐ N/A |
|---|---|
| THREATENING A PEACE OFFICER | NUMBER/SUBSECTION:  3005 (c) |

| D. A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO | ☐ YES ☒ NO | ☐ YES ☒ NO |

**RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)**

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL ☐ NATURAL | ☐ ON INMATE | ☐ BEATING  ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION ☐ UNKNOWN | ☐ ON STAFF | ☐ GASSING  ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING  ☐ STRANGLING |
| ☐ OTHER: | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL  ☒ OTHER: THREAT TO BATTER |
| | ☐ OVERDOSE | | ☐ SHOOTING |
| ☒ N/A | ☒ N/A | ☒ N/A | ☐ SLASHING  ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | TYPE OF WEAPON / SHOTS FIRED / FORCE | | |
|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | **WEAPON:** WARNING # EFFECT # | **BATON ROUND** | |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | TYPE  /  NO: | |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | WOOD | |
| ☐ OTHER: | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | RUBBER | |
| | ☐ HANDS / FEET | WEAPON | ☐ SHOTGUN | FOAM | |
| ☒ N/A | ☐ KNIFE | | **LAUNCHER:** | STINGER : | |
| | ☐ SAP/SLUNG SHOT | | ☐ 37MM | .32 (A) | |
| | ☐ PROJECTILE | | ☐ L8 | .60 (B) | |
| **ESCAPES** | ☐ SPEAR | | ☐ 40MM | **EXACTIMPACT** | |
| | ☐ SLASHING INSTRUMENT: (TYPE) _____ | | ☐ 40MM MULTI | CTS 4557 _____ | |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT: (TYPE) _____ | | ☐ HFWRS | XM 1006 _____ | |
| ☐ W/O FORCE | ☐ OTHER: _____ | | **FORCE** | **CHEMICAL** | |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID: _____ | | ☐ EXPANDABLE BATON | ☐ OC _____ | |
| | ☐ UNKNOWN LIQUID | | ☐ PHYSICAL FORCE | ☐ CN _____ | |
| ☒ N/A | ☒ N/A | | ☐ X10 | ☐ CS _____ | |
| | | | ☐ OTHER: _____ | ☒ N/A | |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ W/O PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY  LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITURATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS: | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | EXTRACTION: |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ CALCULATED |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISASTER | ☐ EMERGENCY |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONSTRATION | |
| ☐ OTHER: | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

**BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):**

On Friday November 3, 2006 at approximately 1230 hours information was received that on October 31, 2006 during the breakfast meal return Inmates Powers P-66995, 3-B-31, and inmate Joiner V-15744, 3-B-33 stated that they wanted to batter Officer Tennell by wrapping a sheet around his neck and throwing him off of the tier.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| N.W. TAYLOR | LIEUTENANT | 2364439 | 43394 |

| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|---|
| | | 5789 | 11/03/06 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE | DATE |
|---|---|---|---|
| S. PETRAKIS | | ASSOCIATE WARDEN | 11 3 06 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (07/05)

PAGE___2_ OF __4__

INCIDENT LOG NUMBER
SQP-004-06-11-0532

| INSTITUTION | FACILITY | | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CSP-SQ | | RC | 11/03/06 | 1230 |

TYPE OF INFORMATION:
☒ SYNOPSIS/SUMMARY OF INCIDENT     ☐ SUPPLEMENTAL INFORMATION     ☐ AMENDED INFORMATION     ☐ CLOSURE REPORT

**NARRATIVE:**

On Friday November 3, 2006 at approximately 1230 hours information was received that on October 31, 2006 during the breakfast meal return Inmates Powers P-66995, 3-B-31, and inmate Joiner V-15744, 3-B-33 stated that they wanted to batter Officer Tennell by wrapping a sheet around his neck and throwing him off of the tier.

On November 3, 2006 information was received that on October 31, 2006 Officer Tennell was conducting the lock up inmates assigned to the 3rd tier of Badger section following the completion of the breakfast meal. Officer Tennell was securing the tier when he pasted by cell 3-B-31 inmate Powers P-66995, 3-B-31L asked him why the black inmates assigned to Badger section was still on modified program. Officer Tennell informed the inmate that the matter was being reviewed by administration and a decision is forth coming. As Officer Tennell walked away from cell 3-B-31 he heard what sounded like "Fuck you trick". Officer Tennell returned to cell 3-B-31 and inquired of inmate Powers what he had said and inmate Powers stated that he had said nothing. Officer Tennell walked away from the cell and continued to conduct his lock up of the housing unit.

Confidential information has been received that after Officer Tennell left the area of cell 3-B-31, that inmate Powers then began a conversation with inmate Joiner V-15744, 3-B-33. During the course of the conversation they commented on "how it would be easy to wrap a sheet around Officer Tennell's neck and "bungee jump" off the tier", effectively hanging Officer Tennell and breaking his neck. Based on this information both inmate Joiner and Powers are being placed in Administrative Segregation pending further investigation into these allegation.

Suspect (s): JOINER V-15744, 3-B-33, POWERS P-66995, 3-B-31

Victim (s): OFFICER S. TENNELL

Staff Injuries: NONE

Use of Force: NONE

Crime Scene /Evidence: NONE

Medical/Mental Health Evaluations: Inmate JOINER V-15744, 3-B-33, POWERS P-66995, 3-B-31, were found have sustained no injuries at the time of this incident. At the time of this incident neither inmate were members of the Mental Health Deliver System.

A review of this case will be made and a determination of the specific charges will be made at the conclusion of the investigation into this incident.

The following administrative staff were notified of this incident: S. Henry, Facility Captain.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| N.W. TAYLOR | LIEUTENANT | 2364439 | 43394 |

| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|---|
| | | 5789 | 11/03/06 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE | DATE |
|---|---|---|---|
| S. PETRAKIS | | LIEUTENANT | 11/03/06 |

STATE OF CALIFORNIA                                     DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __

INCIDENT LOG NUMBER
SDP004·06·11·0532

| NAME: LAST | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|
| Tennell | Steve | | J | 10 31 06 | 1030 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 723 | 2nd Wa Badger Section | 3 YR. 9 MO. | 11 3 06 | Badger 3rd tier |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| wed Thur | 0600 1400 | Threatening a Peace officer | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Sgt. Thomas (S) | Powers P-26695 P-66995 (S) |
| ☐ RESPONDER | | |
| ☐ WITNESS | | Joiner V-15744 |
| ☒ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USE BY YOU |
|---|---|---|

**FORCE USED BY YOU**
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

**WEAPONS AND SHOTS FIRED BY YOU**
NO:
☐ MINI-14
☐ 9 MM
☐ 38 CAL
☐ SHOTGUN
NO:
☐ 37MM
☐ 40 MM
☐ L8
☐ 40 MULTI
☐ HFWRS
☐ BATON
TYPE:

**FORCE OBSERVED BY YOU**
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE
☒ N/A

**CHEMICAL AGENTS USE BY YOU**
TYPE:
☐ OC
☐ CN
☐ CS
☐ OTHER: _____
☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJUtRY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: _____ | |

**NARRATIVE:**

On Tuesday October 31, 2006 at approximately 1030 while working Position 723 Badger Section floor I was on the third tier locking up inmates returning to the unit from morning feeding and the infirmary. As I walked past 3 B 31 inmate Powers P-66995 asked why the blacks in Badger Section were still on "lock down." I informed him that we had conducted interviews and we were waiting for call the information to be reviewed. As I walked away I heard what sounded like "Fuck You trick". I walked back to 3B31 and asked inmate Powers what he said. He said he didn't say anything. I then proceeded to carry out my other duties for the rest of the day and went home at 1400 hrs.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | 0 | 66615 | 11/3/06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED   CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| Sgt V. BAKUL | 11/3/06 | ☐ YES ☐ NO   ☐ YES ☐ NO | |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __1__

INCIDENT LOG NUMBER
SQP-004-06-11-0557

| NAME: LAST | | FIRST | | | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|---|---|
| Thompson | | John | | | D | 11/03/06 | 1100 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 210106 | Security Squad Sergeant | 8 YR. 2 MO. | 11/03/06 | Unit IV: Badger Section |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/S/H | 0600-1400 | Threatening Battery on a Peace Officer | 3005(c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | | | Powers P66995 **(S)** | |
| ☐ RESPONDER | | | Joiner V15744 (S) | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | | | | |
| ☐ CAMERA | | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USE BY YOU |
|---|---|---|---|

| FORCE USED BY YOU | NO: | NO: | TYPE: | TYPE: |
|---|---|---|---|---|
| ☐ WEAPON | | | | |
| ☐ PHYSICAL | ☐ MINI-14 | ☐ 37MM | | ☐ OC |
| ☐ CHEMICAL | ☐ 9 MM | ☐ 40 MM | | ☐ CN |
| ☒ NONE | ☐ 38 CAL | ☐ L8 | | ☐ CS |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: |
| ☐ WEAPON | | ☐ HFWRS | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A |
| ☐ CHEMICAL | | | | |
| ☒ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|
| ☐ YES | | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJUtRY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY | ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN ☐ OTHER: | | ☒ NO |

**NARRATIVE:**

On November 3, 2006, at approximately 1100 hours, while working position #210106, Security Squad Sergeant, I received a CDC 602 in the institutional mail from a confidential source (CS) indicating that inmates in Badger Section have threatened to commit battery on a correctional officer. I then interviewed the CS to get more details. The CS told me that on October 31, 2006, at approximately 0930 hours, inmates Powers (P66995, 3B31L) and Joiner (V15744, 3B33L) verbally harassed the officer locking the inmates into their cells on the third tier after the morning meal. Based on the description of the officer given by the CS, I believe this officer was Correctional Officer S. Tennell. According to the CS, as Officer Tennell passed by Powers' and Joiner's cells, the inmates called Tennell a "trick" and complained that they had been on controlled movement for too long. Tennell then counseled the two inmates regarding their behavior towards him. As Tennell was leaving the tier, Powers and Joiner talked about how it would be easy to wrap a sheet around Officer Tennell's neck and "bungee jump" off the tier, effectively hanging Officer Tennell and breaking his neck.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE Sergeant | BADGE # 58,885 | DATE 11/03/06 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 11/3/06 | APPROVED ☐ YES ☐ NO   CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



August 23, 2007

Appeals Coordinator
California State Prison, San Quentin
San Quentin, CA  94964

RE:  POWERS, ANTWAIN, P66995,
    IAB# 0702870, Institution Log# SQ-06-04053, DISCIPLINARY

To the SQ Appeals Coordinator:

The Director's Level Inmate Appeals Branch needs your assistance in resolving this inmate appeal which has been screened back to you for further action.

The appellant has been unable to obtain a copy of the requested document in order to complete the appeal.  Please obtain the requested document(s).  Please complete the requested action and return the entire appeal packet to the Inmate Appeals Branch by September 24, 2007.

- Second Level of Review Decision Letter

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR



### *INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

May 31, 2007

POWERS, CDC #P-66995
California State Prison, San Quentin
San Quentin, CA 94964

Re: Institution Appeal Log #SQ-06-4053 Disciplinary

Dear Mr. POWERS:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete. You must include supporting documentation. Your appeal is missing the completed CDC 115-A, Serious Rule Violation Report.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

*N. Grannis*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                     ARNOLD SCHWARZENEGGER, GOVERNOR

### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 19, 2007

Powers, CDC #P-66995
California State Prison, San Quentin
San Quentin, CA  94964

Re: Institution Appeal Log #SQ  06-4053 Disciplinary

Dear Mr. Powers:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete.  You must include supporting documentation. Your
appeal is missing the Second Level Response from the institution.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

*Churlison*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****



United State District Court
For the Northern District
US courthouse
450 Golden Gate Ave
San Francisco CA, 94102-3483

RECEIVED
FEB 22 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Inmate Little R Powers P48485
PO Box 5005 Facility 5-05
Been Valley State Prison
Delano CA, 95616-5005