United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOWVINE R. POWERS,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT L. AYERS, Warden,<br><br>    Respondent.                      / | No. C 08-1150 WHA (PR)<br><br>**DENIAL OF CERTIFICATE OF APPEALABILITY** |

     This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The petition was dismissed in an order entered on April 3, 2008. Judgment was entered that day. Petitioner filed a timely notice of appeal. The United States Court of Appeals for the Ninth Circuit has remanded the case for determination whether a certificate of appealability ("COA") should issue. The notice of appeal will be treated as a request for a COA. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no express request made for COA, notice of appeal shall be deemed request for a certificate).

     A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal for failure to exhaust, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

///

1    "Determining whether a COA should issue where the petition was dismissed on
2 procedural grounds has two components, one directed at the underlying constitutional claims
3 and one directed at the district court's procedural holding." *Id.* at 484-85.  "When the district
4 court denies a habeas petition on procedural grounds without reaching the prisoner's underlying
5 constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason
6 would find it debatable whether the petition states a valid claim of the denial of a constitutional
7 right and that jurists of reason would find it debatable whether the district court was correct in
8 its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the
9 federal court "may find that it can dispose of the application in a fair and prompt manner if it
10 proceeds first to resolve the issue whose answer is more apparent from the record and
11 arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts
12 to first resolve the procedural issue, as was done here.  *See id.*

13   The petition was dismissed because statements that petitioner made in the petition
14 amounted to a concession he had not exhausted.  Reasonable jurists would not find this result
15 debatable or wrong.  The certificate of appealability implied from the notice of appeal is
16 **DENIED**.

17   The clerk shall transmit a copy of this order and the record to the Court of Appeals.  *See*
18 Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Petitioner
19 may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does
20 not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

21   **IT IS SO ORDERED.**

23 Dated: June    3   , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.08\POWERS1150.COA.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTOWINE R POWERS,

        Plaintiff,

  v.

ROBERT L AYERS JR et al,

        Defendant.

Case Number: CV08-01150 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antowvine Powers
P-66995/ D-6-118
Kern Valley State Prison
PO Box 5102
Delano, CA 93216

Dated: June 3, 2008

                                  Richard W. Wieking, Clerk
                                  By: D. Toland, Deputy Clerk